J-A23009-21

2021 PA Super 245

| MATTHEW DARROW | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PPL ELECTRIC UTILITIES | : | |
| CORPORATION | : | |
| | : | No. 236 MDA 2021 |
| Appellant | : | |

Appeal from the Order Entered January 26, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  17 CV 3312

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

DISSENTING STATEMENT BY STEVENS, P.J.E.:

**FILED: DECEMBER 14, 2021**

I respectfully dissent from the Majority's disposition.  While not condoning the initial lack of appropriate procedures in the manner in which the Munley firm handled this matter, my review of the record does not support the Majority's conclusion that the entry of an order precluding Munley Law and its attorneys from representing Appellee Darrow was warranted in this matter.

This Court has long recognized that "[m]erely because an attorney violates a Rule of Professional Conduct does not warrant [his or] her disqualification from a case." ***Sutch v. Roxborough Memorial Hospital***, 151 A.3d 241, 255 (Pa.Super. 2016), ***appeal denied***, 169 A.3d 1065 (Pa. 2017).  "[D]isqualification is appropriate only when both another remedy for

_____

[*] Former Justice specially assigned to the Superior Court.

the violation is not available and it is essential to ensure that the party seeking disqualification receives the fair trial that due process requires." ***E.R. v. J.N.B.***, 129 A.3d 521, 526 (Pa.Super. 2015) (citation omitted), ***appeal denied***, 135 A.3d 586 (Pa. 2016).

Likewise, in ***McCarthy v. Southeastern Pennsylvania Transp. Authority***, 772 A.2d 987 (Pa.Super. 2001), ***appeal denied***, 812 A.2d 1230 (Pa. 2002), this Court held that a trial court may disqualify counsel based upon a violation of the Rules of Professional Conduct only when the court has determined that disqualification is needed to ensure the parties receive the fair trial. ***Id.*** at 987-988. The ***McCarthy*** Court reasoned that while the disqualification of an attorney who has violated a Rule of Professional Conduct is recognized as an appropriate sanction in some cases, "**it is a serious remedy which must be imposed with an awareness of the important interests of a client in representation by counsel of the client's choice**." ***Id.*** at 991 (citation omitted; emphasis added).

In my view, this Court is compelled in such matters to balance the probative value of allowing a party representation by counsel of his or her choice against any potential prejudicial impact to the opposing party in precluding disqualification.

Here, the record reflects that Munley Law has represented Appellee since this case's inception in 2017. It is further undisputed that this

protracted dispute regarding the disqualification of Munley Law has resulted in a significant delay to Appellee's case.

Contrary to the Majority's conclusion, Appellant has demonstrated no tangible prejudice from Munley Law's continued representation of Appellee, certainly not to the extent that a trial would be impugned as unfair. The entry of an order precluding Munley Law and its attorneys from representing Appellee in the underlying litigation at this late stage would effectively deny Appellee of counsel of his own choosing and result in an additional and unwarranted delay.

Moreover, the Majority's decision is overbroad in failing to recognize the many lateral moves which occur on a regular basis in the legal profession in Pennsylvania. Significant delays in cases will occur if the Majority decision is cited every time a lawyer makes a lateral move to a new law firm which has an ongoing case involving a party from the lawyer's prior law firm.

That being said, the Majority correctly gives fair warning to law firms to make certain appropriate procedures are in place to comply with the Rules of Professional Conduct.

Here, the record reflects that Munley Law was counsel of record for Appellee and has represented him since this case's inception. Thus, the entry of an order precluding Munley Law and its attorneys from representing Appellee in the underlying litigation at this late stage effectively denies Appellee of counsel of his own choosing.

In the interests of justice, I would stay this matter upon remand for a period of ninety days (90) or until Appellee obtains new counsel, whichever comes first, in the event an order of disqualification is entered.

Accordingly, I would affirm the trial court's order denying Appellant's motion to disqualify Munley Law and its attorneys from representing Appellee. Therefore, I respectfully dissent.